Douglas S. Parker, Alaska Bar No. 8311168
dparker@littler.com
LITTLER MENDELSON
310 K Street, Suite 400
Anchorage, AK 99501
Telephone: 907.561.1214
Fax No.: 907.561.1215

Attorneys for Plaintiffs Alaska Maritime Employers' Association By and Through Its Members American President Lines, Ltd and Matson Navigation Company of Alaska, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA MARITIME EMPLOYERS' ASSOCIATION by and through its members AMERICAN PRESIDENT LINES, LTD and MATSON NAVIGATION COMPANY OF ALASKA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL LONGSHORE and WAREHOUSE UNION, ALASKA LONGSHORE DIVISION, ILWU UNIT 223, CHARLES WENDT, individually and as President of the Alaska Longshore Division, RANDALL BAKER, individually and as of Vice President of the Alaska Longshore Division, DOUGLAS LEGETT, individually and as President of ILWU Unit 223, WILLIAM MURRAY, , individually and as Vice President of ILWU Unit 223, and PETE DOCTOR, individually and as Secretary-Treasurer of ILWU Unit 223,<br>Defendants. | Case No. _____ |

## COMPLAINT FOR DAMAGES AND INJUNCTION

COME NOW, the Plaintiffs and complain against the Defendants as follows:

COMPLAINT FOR DAMAGES AND INJUNCTION
AMEA, ET AL v. ILWU UNIT 223, ET AL
Case No. _____
Page 1 of 6   Case 3:16-cv-00043-JWS   Document 1   Filed 02/12/16   Page 1 of 6

LITTLER MENDELSON
310 K Street, Suite 400
Anchorage, AK 99501
Tel: 907.561.1214

## JURISDICTION

1. This is a suit for damages pursuant to the National Labor Relations Act § 301(a), 29 U.S.C. § 185(a). Under Section 301(a) of the National Labor Relations Act (29 U.S.C. § 185(a)), the United States District Courts have original jurisdiction of actions arising out of violations of contracts between a labor organization and an employer, regardless of citizenship and amount.

## VENUE

2. Venue is proper in this District Court under Section 301(c) because the labor organizations involved either maintain a principal office within this District or their duly authorized agents and officers are engaged in representing or acting on behalf of their employee members within this District.

## PARTIES

3. Plaintiff Alaska Maritime Employers Association ("AMEA") is, and at all times material herein was, a voluntary unincorporated association comprised of member companies American President Lines, LLC ("APL") and Matson Navigation Company of Alaska, LLC ("Matson") (jointly referred to as AMEA members"), which in turn conduct maritime shipping and dock operations at Dutch Harbor, Alaska and other ports along the coast of Alaska. AMEA members are employers in an industry affecting commerce as defined in 29 U.S.C. §142(1) and (3) and 29 U.S.C. §152(6) and (7), and within the meaning of 29 U.S.C. §185.

4. Defendants International Longshore and Warehouse Union, Alaska Longshore Division and its Unit 223 (collectively referred to as "ILWU" or "Union") are, and all times material hereto were, voluntary, unincorporated associations, commonly known as and doing business as labor organizations as defined in 29 U.S.C. § 152(5) and within the meaning of 29

COMPLAINT FOR DAMAGES AND INJUNCTION
AMEA, ET AL v. ILWU UNIT 223, ET AL
Case No. _____
Page 2 of 6  Case 3:16-cv-00043-JWS   Document 1   Filed 02/12/16   Page 2 of 6

LITTLER MENDELSON
310 K Street, Suite 400
Anchorage, AK 99501
Tel: 907.561.1214

U.S.C. § 185. At all times material hereto, ILWU acted as a labor organization which represented employees engaged as cargo handling operations on docks located in Dutch Harbor, Alaska and other ports along the coast of Alaska. ILWU maintains an office and place of business at Dutch Harbor.

5. Individual Defendant Charles Wendt is President of ILWU Alaska Longshore Division. Individual Defendant Randall Baker is Vice-President of ILWU Alaska Longshore Division. Individual Defendant Douglas Leggett is President of ILWU Unit 223. Individual Defendant Pete Doctor is Secretary-Treasurer of ILWU Unit 223. Individual Defendant William Murray is Vice President of ILWU Unit 223. There are other persons acting in concert with and participating in the aid of the named Defendants herein, who are not named as party Defendants in this action because their identities are unknown and/or because they are so numerous as to make their inclusion as party Defendants impractical.

6. Plaintiffs and the ILWU have for many years been parties to the All Alaska Longshore Agreement ("AALA"), which sets forth terms and conditions of employment for bargaining unit employees of the employer signatories to the AALA. The duration of the current AALA runs from July 1, 2015 to June 30, 2020.

7. The AALA contains an express "no-strike" clause in Section 11.3, prohibiting the signatory parties from engaging in economic self-help as follows: "There shall be no strike, lockout, or work stoppage for the life of the Agreement. The Union or the Employer, as the case may be, shall be required to secure observance of the Agreement." Accordingly, no strike, work stoppage or lockout is permitted or authorized by the AALA.

8. The AALA at Section 2.1 also provides that the ILWU is a provider of labor, through its hiring hall, for the Plaintiffs' cargo handling operations conducted at Dutch Harbor.

COMPLAINT FOR DAMAGES AND INJUNCTION
AMEA, ET AL v. ILWU UNIT 223, ET AL
Case No. _____
Page 3 of 6    Case 3:16-cv-00043-JWS   Document 1   Filed 02/12/16   Page 3 of 6

LITTLER MENDELSON
310 K Street, Suite 400
Anchorage, AK 99501
Tel: 907.561.1214

Upon request from any signatory employer to the AALA, including Plaintiffs, the Union must promptly provide full gangs for cargo loading and unloading operations of AMEA members' vessels. Gangs required for particular maritime cargo loading and unloading operations are defined in Section 7.2 of the AALA.

9. It is critical in maritime operations at Dutch Harbor and other Alaska ports covered by the AALA that cargo handling operations affecting Plaintiffs' vessels be conducted promptly. Delays in vessel loading or unloading operations expose Plaintiffs to substantial economic damages due to delayed sailings, resulting in lost revenues and impacted customers. Therefore, in exchange for the Plaintiffs' promise in Section 7.641 of the AALA to "use its best efforts and act in good faith to preserve as much as possible all of the work covered by this Contract for the registered work force," Defendant Union promised in Section 7.644 that it would supply gangs so as not to "cause added vessel port detention time."

10. On multiple occasions, including on August 18, 2015, Defendant Union failed to promptly supply sufficient gangs upon request by AALA-signatory Employers. As a result, Plaintiffs have suffered economic damages due to vessel delays at Dutch Harbor.

11. On one or more occasions, including on August 18, 2015, Defendants deliberately withheld labor from one or more signatory employers and did so with the intent of illegally pressuring the Plaintiffs to accept their demands by causing economic damages to these employers.

12. On August 18, 2015, in the course of a mediation before Alaska Arbitrator Herald Ugles, the Union, through its duly authorized officers who are Defendants herein, admitted that it had not promptly supplied full gangs for unloading Plaintiffs' cargo earlier that day, and that its failure to have done so was a deliberate effort to pressure Plaintiffs into accepting their demands

COMPLAINT FOR DAMAGES AND INJUNCTION
AMEA, ET AL v. ILWU UNIT 223, ET AL
Case No. _____
Page 4 of 6    Case 3:16-cv-00043-JWS   Document 1   Filed 02/12/16   Page 4 of 6

LITTLER MENDELSON
310 K Street, Suite 400
Anchorage, AK 99501
Tel: 907.561.1214

for increased pay for dispatchers.

13. The Union's dispatcher pay demands had been the subject of multiple Union grievances processed through the AALA grievance and arbitration procedure, commencing with Alaska Arbitration Case No. AK 2013-13. The dispatcher pay dispute ultimately was resolved in favor of Plaintiffs by a November 5, 2015 decision by Coast Arbitrator John Kagel.

14. By their actions on one or more occasions, including on August 18, 2015, the Defendants individually and jointly participated in, ratified and encouraged a work stoppage in violation of the AALA. The disruption and work stoppage on August 18, 2015 was instigated and encouraged by all Defendants. Said conduct on the part of the Union has been carried on with the purpose and design of disrupting Plaintiffs' business activities, in full recognition and disregard of the fact that such conduct violates the no-strike provision of the AALA.

15. As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered damages, including lost revenues, additional expenses, and loss of business reputation and good will, in an amount to be proven at trial. Defendants are jointly and severally liable to Plaintiffs for damages sustained by them as a result of one or more illegal work stoppages and for their costs of suit, including their attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. For an award of damages;

2. For equitable relief that the Court may deem proper and just;

3. For costs and attorney's fees of suit incurred; and

4. For such other and further relief as the Court may deem proper and just.

COMPLAINT FOR DAMAGES AND INJUNCTION
AMEA, ET AL v. ILWU UNIT 223, ET AL
Case No. _____
Page 5 of 6    Case 3:16-cv-00043-JWS    Document 1    Filed 02/12/16    Page 5 of 6

LITTLER MENDELSON
310 K Street, Suite 400
Anchorage, AK 99501
Tel: 907.561.1214

Dated this 12th day of February, 2016

                          For Douglas S. Parker, Alaska Bar No. 8311168
                          Littler Mendelson

Attorneys for Plaintiffs Alaska Maritime Employers' Association By and Through Its Members American President Lines, Ltd and Matson Navigation Company of Alaska LLC

Firmwide:138613202.1 086392.1002

COMPLAINT FOR DAMAGES AND INJUNCTION
AMEA, ET AL v. ILWU UNIT 223, ET AL
Case No. _____
Page 6 of 6  Case 3:16-cv-00043-JWS   Document 1   Filed 02/12/16   Page 6 of 6

LITTLER MENDELSON
310 K Street, Suite 400
Anchorage, AK 99501
Tel: 907.561.1214